UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRANDON WINN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:25-cv-00157-JPH-MG |
| | ) |
| PARKE COUNTY SHERIFF'S DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |

**ORDER DISMISSING AMENDED COMPLAINT
AND DIRECTING FILING OF AMENDED COMPLAINT**

Plaintiff Brandon Winn is a prisoner currently incarcerated at the Parke County Jail. He filed this civil action alleging violations of his rights during his recent State Court criminal matter.

Before the Court screened the original complaint, Mr. Winn filed an amended complaint. Dkt. 6. The amended complaint completely supersedes the original complaint. Accordingly, the amended complaint is now the operative complaint in this matter, and the Court screens it as required by 28 U.S.C. § 1915A(a).

### I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil

1

Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

Mr. Winn's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The amended complaint names as defendants (1) Parke County Circuit Court Judge Sam Swaim, (2) Clark County Prosecuting Attorney Steven Andrew Cvengros, and (3) Parke County Sheriff Jason Frazier.

Mr. Winn filed this civil complaint while his State criminal matter was pending. Mr. Winn's truck exploded while he was traveling down the road because there was an explosive device among the scrap metal he picked up. This resulted in him hitting a power pole. The Parke County detective who investigated the accident determined that it was Mr. Winn's fault, so his insurance company was charged over $50,000. A sheriff's deputy prevented Mr. Winn from getting his keys to his car, which was parked on his uncle's property. Also parked on his uncle's property was a camper that did not belong to Mr.

2

Winn. Ultimately, the same sheriff's deputy searched the camper without a warrant, and Mr. Winn was charged for possessing guns and drugs.

He brings several allegations related to his criminal charges. With respect to Judge Swain, Mr. Winn alleges that the judge refused to lower his bond, refused to accept Mr. Winn's evidence, refused to permit Mr. Winn to file a motion to suppress, and has conducted all hearings via video. Mr. Winn alleges that the prosecutor is trying to go to trial without any proper evidence. He alleges that his criminal proceedings were the result of an unlawful search and seizure from the camper. Mr. Winn also alleges that the lack of investigation into his truck accident resulted in his insurance company being charged too much.

Mr. Winn also alleges he is not receiving proper medical treatment at the jail for his leg swelling up and arthritis in his back. He has been seen over seven times and is being denied medication and made to pay for his medical treatment.

Mr. Winn is seeking monetary damages and injunctive relief.

Mr. Winn recently pled guilty to the charges of Possession of Methamphetamine, a Level 6 Felony and Criminal Mischief, a Class B Misdemeanor, and was subsequently sentenced. *See Indiana v. Winn*, 61C01-2408-F4-000249.[1]

---

[1] Mr. Winn has not provided detailed information in his complaint about his recent prosecution. The Court has taken judicial notice of state court records available on mycase.in.gov.

### III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the amended complaint must be dismissed for failure to state a claim upon which relief may be granted.

Judge Swaim and Deputy Prosecutor Cvengros are entitled to absolute immunity. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976) (prosecutorial immunity). All of the actions about which Mr. Winn complains were actions taken in the course of adjudicating his case. Accordingly, claims against both Judge Swaim and Deputy Prosecutor Cvengros are **dismissed** for failure to state a claim upon which relief can be granted. *See Holmes v. Marion Co. Sheriff's Office*, 141 F.4th 818, 823 (7th Cir. 2025) (noting that when the judicial immunity defense is clear from the face of the complaint, "the complaint fails to state a claim, and dismissal may lead to a strike.").

Mr. Winn's claims against Sheriff Frazier are **dismissed** for failure to state a claim upon which relief can be granted because he does not allege that Sheriff Frazier had any personal involvement in the allegations that formed his complaint. "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted).

Mr. Winn's allegations concerning his medical care could state a Fourteenth Amendment claim that he has received constitutionally inadequate treatment for his back pain or arthritis. However, he has not named any

4

defendant who was personally involved in his medical care. Thus, any claim about his medical care is **dismissed**. The Court further observes that claims about Mr. Winn's medical care are wholly unrelated to his claims about the search and seizure of the camper resulting in his arrest. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . ."). Rule 20(a)(2) permits a plaintiff to join defendants in a single action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." "[M]ere overlap between defendants is not enough." *Thompson v. Bukowski*, 812 F. App'x 360, 363 (7th Cir. 2020). Thus, these two sets of claims belong in different suits. If Mr. Winn files an amended complaint, he must decide which set of claims he wishes to pursue.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

### IV. Opportunity to File an Amended Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the court will allow the plaintiff to amend his complaint if, after reviewing this Court's order, he believes that he

5

can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

Mr. Winn shall have **through September 11, 2025, to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, Mr. Winn may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order, which he should use if he files an amended complaint. *See* Local Rule 8-1 (requiring pro se plaintiffs to use the clerk-provided form for claims under 42 U.S.C. § 1983).

Any amended complaint should have the proper case number, 2:25-cv-00157-JPH-MG and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it

must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If Mr. Winn files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

Mr. Winn is reminded that if his address changes, he is responsible for notifying the Court of his current address within 10 days. Dkt. 4.

**SO ORDERED.**

Date: 8/13/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRANDON WINN
Parke County Jail
458 West Strawberry Road
Rockville, IN 47872